Robert M. Pattison (State Bar No. 103528)
Janine R. Hudson (State Bar No. 206671)
JACKSON LEWIS LLP
199 Fremont Street, 10th Floor
San Francisco, California 94105
Telephone: (415) 394-9400
Facsimile: (415) 394-9401

Attorneys for Defendant
VANCE UNIFORMED PROTECTION
SERVICES, INC. (erroneously sued as
VANCE INTERNATIONAL, INC., doing
business as VANCE UNIFORMED
PROTECTION SERVICES)

E-filing

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

GEORGE HARRIS,

    Plaintiff,

    v.

VANCE INTERNATIONAL, INC., a
corporation, doing business as VANCE
UNIFORMED PROTECTION SERVICES,
DOES 1 TO 10,

    Defendants.

Case No. **CV 07 5991 WHA**

**NOTICE OF REMOVAL OF ACTION
TO FEDERAL COURT
[28 U.S.C. §1441(a)]**

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN

DISTRICT OF CALIFORNIA:

    PLEASE TAKE NOTICE that Defendant VANCE UNIFORMED

PROTECTION SERVICES, INC., erroneously sued as VANCE INTERNATIONAL, INC.,

("Defendant" or "Defendant Vance") hereby removes to this Court the state court action

described below:

    1.    On September 11, 2007, Plaintiff GEORGE HARRIS ("Plaintiff")

commenced the action entitled George Harris v. Vance International, Inc., a corporation, doing

business as Vance Uniformed Protection Services; and DOES 1 through 10, in the Superior

1    Court of the State of California, County of San Francisco, Case No. CGC 07-467029, by filing a

2    complaint ("Complaint") against Defendant.

3            2.     Plaintiff's Complaint alleges the following causes of action: (1) racial

4    discrimination in violation of the California Fair Employment and Housing Act, Calif. Gov't

5    Code §12900, et seq. ("the FEHA"); (2) age discrimination in violation of the FEHA; (3)

6    religious discrimination in violation of the FEHA, and (4) sexual harassment in violation of the

7    FEHA.  Plaintiff's Complaint does not allege the statutory basis for his retaliation cause of

8    action.

9            3.     Defendant received a copy of the Complaint on or about September 28,

10   2007, when Defendant was served with a copy of the Summons and Complaint.  A copy of the

11   Summons and Complaint are attached hereto collectively as **Exhibit A**.  A true copy of the case

12   file from the San Francisco Superior Court, which includes an additional copy of the Complaint,

13   is attached hereto collectively as **Exhibit B**.

14           4.     This action is a civil action of which this court has original jurisdiction

15   under 28 U.S.C. Section 1332(a), and is one which may be removed to this Court by Defendant

16   pursuant to the provisions of the 28 U.S.C. Section 1441(a) in that, as shown below, it is a civil

17   action between citizens of different states and the matter in controversy exceeds the sum of

18   $75,000, exclusive of interest and costs.

19                      <u>MATTER IN CONTROVERSY</u>

20           5.     At the time Plaintiff served his Complaint on Defendant on September 28,

21   2007, and continuing thereafter, the amount in controversy could not be ascertained from the

22   face of the Complaint.  Where the existence of diversity jurisdiction or federal question

23   jurisdiction is uncertain from the face of the complaint (an "indeterminate pleading"), the right

24   to remove is triggered when the defendant first receives notice through an amended pleading,

25   motion, order or "other paper" that shows grounds for diversity or federal question jurisdiction

26   actually exist.  *See Harris v. Bankers Life and Casualty Co.*, 425 F.3d 689, 692-696 (9th Cir.

27   2005); *Akin v. Big Three Industries, Inc., et al.*, 851 F.Supp. 819, 824-825 (E.D. Tex. 1994).  As

28   it was uncertain from the face of Plaintiff's Complaint whether diversity jurisdiction existed,

1   Defendant had no basis to remove the action to federal court and therefore filed an Answer to

2   Plaintiff's Complaint in San Francisco County Superior Court on November 9, 2007.

3   Defendant's Answer is attached hereto as **Exhibit C**.

4           6.      On October 5, 2007, Defendant served Plaintiff a Request for Statement

5   of Damages and a set of California Judicial Council Form Interrogatories limited to

6   interrogatories asking about Plaintiff's alleged damages.  On November 1, 2007, Defendant

7   received Plaintiff's responding Statement of Damages and responses to the set of Form

8   Interrogatories.  Plaintiff's Statement of Damages states he is seeking $500,000.00 for pain and

9   suffering, $500,000.00 for emotional distress, $21,762.00 for loss of earnings, an unknown

10  amount for loss of future earning capacity, and $1,000,000.00 in punitive damages.  In response

11  to Defendant's Form Interrogatories Nos. 8.7 and 8.8, Plaintiff alleges $21,762.00 in loss of

12  earnings to date and $43,524.00 in future earnings with a continued accrual of lost future

13  earnings.   Attached hereto as **Exhibit D** are true and correct copies of Defendant's Request for

14  Statement of Damages and Form Interrogatories, Set One, and attached as **Exhibit E** are true

15  and correct copies of Plaintiff's Statement of Damages and responses to Defendant's Form

16  Interrogatories.

17          7.      Without conceding that Plaintiff is entitled to damages or could recover

18  damages in any amount, Plaintiff's responses to Defendant's written discovery show the amount

19  in controversy in this action exceeds $75,000. Given Plaintiff's responses, Defendant is filing

20  this Notice of Removal within the time provided for by 28 U.S.C. Section 1446(b). Plaintiff's

21  Statement of Damages provided information from which Defendant was able first to ascertain

22  that the case is removable based on diversity jurisdiction.  Section 1446(b) provides that a

23  defendant may remove within 30 days after receipt of an amended pleading, or motion, or order

24  or "other paper" from which it may first be ascertained that the case is or has become removable.

25  Plaintiff's aforementioned responses to written discovery constitute "other paper" for purposes

26  of removal under 28 U.S.C. 1446(b).  *See Lovern v. General Motors Corp.* 121 F.3d 160, 161-

27  162 (4th Cir. 1997) (cited with approval and followed by the Ninth Circuit in *Harris, supra,* 425

28  F.3d at 694-695); *Chapman v. Powermatic Inc.* 969 F.2d 160, 164 (5th Cir. 1992) (also cited

1    with approval and followed by the Ninth Circuit in *Harris, supra*, and by the Northern District

2    of California in *Rico-Chinn v. The Prudential Ins. Co. of America*, No. 05-01975, 2005 U.S.

3    Dist. LEXIS 23132, *10 (N.D. Cal.  July 12, 2005)).

4                        DIVERSITY OF CITIZENSHIP

5           8.    This action is between citizens of different states, in that Defendant Vance

6    is informed and believes that Plaintiff George Harris was at the time the action commenced, and

7    still is, a citizen of the State of California.

8           9.    Defendant Vance Uniformed Protection Services, Inc. (erroneously sued

9    as Vance International, Inc., doing business as Vance Uniformed Protection Services) was at the

10   time the action commenced, and still is, a citizen of the State of Virginia under 28 U.S.C.

11   Section 1332(c), in that its principal place of business was and is in the State of Virginia.

12   Defendant Vance's headquarters are in Centreville, Virginia.  Vance provides security services

13   to corporations and sovereigns. Vance provides these services to over 200 locations within the

14   United States, only four of which are located in California.  The majority of Vance's employees

15   are located outside of California.   Approximately 5% of Vance's total revenue derives from

16   business in California.

17          10.   The inclusion of "Doe" defendants in the state court complaint has no

18   effect on removability.  In determining whether diversity of citizenship exists, only the named

19   defendants are considered.  28 U.S.C. Section 1441(a).

20          11.   Venue is proper in the United States District Court for the Northern

21   District of California pursuant to 28 U.S.C. Section 1441(a) and Section 1391(a) because the

22   state action was filed in San Francisco County, a county within this judicial district, and the

23   action arose within this judicial district.

24          12.   For all the foregoing reasons, this Court has original jurisdiction over this

25   matter under 28 U.S.C. Sections 1332 and 1441(a).

26          WHEREFORE, Defendant prays that the above action now pending against it in

27   the Superior Court for the State of California, County of San Francisco, be removed to this

28   Court.

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT
[28 U.S.C. §1441(a)]                                         Case No.

1

**CERTIFICATE OF INTERESTED PARTIES**

2          Pursuant to Civil L.R. 3-16, the following listed persons, associations of persons,

3    firms, partnerships, corporations, or other entities, (i) have a financial interest in the subject

4    matter in controversy, or in a party to the proceeding, or (ii) have a non-financial interest in that

5    subject matter or in a party that could be substantially affected by the outcome of the

6    proceeding:

7          (a)    Vance International, Inc. and

8          (b)    Garda World Security Corporation, a Canadian company headquartered in

9                 Montreal, Quebec.

10   DATED: November 27, 2007                    Respectfully submitted,

11                                               JACKSON LEWIS LLP

12

13                                               By _____

14                                                  Robert M. Pattison
                                                    Janine R. Hudson

15                                               Attorneys for Defendant
                                                 VANCE UNIFORMED PROTECTION
16                                               SERVICES, INC. (erroneously sued as VANCE
                                                 INTERNATIONAL, INC., doing business as
17                                               VANCE UNIFORMED PROTECTION
                                                 SERVICES)
18

19

20

21

22

23

24

25

26

27

28

5
NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT
[28 U.S.C. §1441(a)]                                      Case No.

# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
VANCE INTERNATIONAL, INC., a corporation, doing
business as VANCE UNIFORMED PROTECTION SERVICES,
DOES 1 TO 10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
GEORGE HARRIS

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.  A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case.  There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante.  Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte.  Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca.  Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.  Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of San Francisco<br>400 McAllister Street<br>San Francisco, CA 94102 | **CASE NUMBER:**<br>*(Número del Caso):*  CGC-07-467029 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Albert L. Boasberg, Esq.                     415-989-6960
155 Montgomery Street, Suite 1010
San Francisco, CA 94104    415-989-6960

| DATE:<br>*(Fecha)*  SEP 11 2007   Gordon Park-Li | Clerk, by     Jun Pancio | , Deputy |
|---|---|---|
| | *(Secretario)* | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

©EB

Code of Civil Procedure §§ 412.20, 465

**EXHIBIT A**

ENDORSED
FILED
San Francisco County Sup

SEP ? 1 2007

GORDON PARK-LI, Clerk
JUN P. PANELO

CASE MANAGEMENT CONFERENCE SET

FEB 0 8 2008 ~9:00 AM

DEPARTMENT 212

ALBERT L. BOASBERG
Attorney at Law
Alexander Building, Suite 1106
155 Montgomery Street
San Francisco, CA 94104
Telephone (415) 989-6960
State Bar No. 31205

Attorney for Plaintiff

SUPERIOR COURT, CITY AND COUNTY OF SAN FRANCISCO

STATE OF CALIFORNIA

UNLIMITED JURISDICTION

| | |
|---|---|
| GEORGE HARRIS, <br><br> Plaintiff, <br><br> vs. <br><br> VANCE INTERNATIONAL, INC., a corporation, doing business as VANCE UNIFORMED PROTECTION SERVICES, DOES   1 TO 10, <br><br> Defendants. | No. CGC-07-467029 <br><br> COMPLAINT FOR EMPLOYMENT DISCRIMINATION; DEMAND FOR <u>TRIAL BY JURY</u> |

Plaintiff complains and alleges:

I.

At all times mentioned herein, Plaintiff, GEORGE HARRIS, was and now is an individual, residing in the City and County of Alameda, State of California.

At all times mentioned herein, Defendant, VANCE INTERNATIONAL, INC., was and is a corporation, organized and existing in the State of

Complaint

Virginia and doing business in the City and County of San Francisco.

Said Defendant does business in the City and County of San Francisco as VANCE UNIFORMED PROTECTION SERVICES.

II.

Plaintiff does not know the true names or identities of those Defendants sued herein as DOES 1 TO 10 and therefore, sues said Defendants by such fictitious names.

Plaintiff prays leave to amend his complaint to allege the correct names and capacities of said Defendants, whenever the necessary facts are ascertained.

III.

Plaintiff was hired by Defendants in March of 2006 as a security officer.

Defendants are "employers", as defined by the California Fair Employment and Housing Act (FEHA).

IV.

Ever since his employment by Defendants began, Plaintiff, who is an African-American male over the age of 40 years, suffered sexual harassment, racial discrimination, age discrimination and religious discrimination, all in violation of the FEHA.

V.

On or about April 12, 2007, in the City and County of San Francisco, Defendants terminated Plaintiff's employment, allegedly for the reason of reduction in force, but in truth and in fact, such termination was the result of harassment, discrimination and retaliation, as hereinabove alleged.

2

VI.

On or about May 9, 2007, Plaintiff filed a compliant of discrimination with the California Department of Fair Employment and Housing (DFEH).

On or about July 10, 2007l, DFEH issued to Plaintiff a right-to-sue letter.

VII.

As a direct and proximate result of Defendants' discriminating actions against Plaintiff, Plaintiff has suffered and continues to suffer damages,, in the form of lost wages and other employment benefits, and severe emotional and physical distress, the exact amount of which will be proven at trial.

VIII.

Defendants acted for the purpose of causing Plaintiff to suffer financial loss and severe emotional and physical distress and are guilty of oppression and malice, entitling Plaintiff to an award of punitive or exemplary damages.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1.    For compensatory damages, according to proof and prejudgment interest allowable by law;

2.    For exemplary and punitive damages, according to proof;

3.    For reasonable attorney's fees;

4.    For costs of suit; and

3

1

2          5.   For such other relief as the Court may deem meet and

3   proper.

4

5   Dated:  September 7, 2007.

6                                          ALBERT L. BOASBERG,
                                           Attorney for Plaintiff
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

# EXHIBIT B

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address):
ALBERT L. BOASBERG    SBN: 31205
155 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CA 94104
TELEPHONE NO.: 415-989-6960    FAX NO.: 415-989-6961
ATTORNEY FOR (Name): GEORGE HARRIS

**FILED**
San Francisco County Superior Court

√ SEP 11 2007

GORDON PARK-LI, Clerk
BY: _____
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS: Superior Court of San Francisco
MAILING ADDRESS: 400 McAllister Street
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME:

CASE NAME: HARRIS VS. VANCE INTERNATIONAL, INC., etc
et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | CGC-07-467029  JUDGE:  DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is  [x] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties       d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel       e. [ ] Coordination with related actions pending in one or more courts
          issues that will be time-consuming to resolve                   in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence       f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[x] monetary   b.[ ] nonmonetary; declaratory or injunctive relief   c.[ ] punitive
4. Number of causes of action (specify): 1
5. This case [ ] is  [x] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 7, 2007

ALBERT L. BOASBERG
(TYPE OR PRINT NAME)

► _(signature)_
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use | **CIVIL CASE COVER SHEET** | ©EB | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; |
|---|---|---|---|
| Judicial Council of California | | | Cal. Standards of Judicial Administration, std. 3.10 |
| CM-010 [Rev. July 1, 2007] | | | www.courtinfo.ca.gov |

**EXHIBIT B**

ALBERT L. BOASBERG
Attorney at Law
Alexander Building, Suite 1106
155 Montgomery Street
San Francisco, CA 94104
Telephone (415) 989-6960
State Bar No. 31205

Attorney for Plaintiff

**FILED**
San Francisco County Superior Court

SEP 1 1 2007

GORDON PARK-LI, Clerk
BY: _____
Deputy Clerk

CASE MANAGEMENT CONFERENCE SET

FEB 0 8 2008 -9⁰⁰AM

DEPARTMENT 212

**SUMMONS ISSUED**

SUPERIOR COURT, CITY AND COUNTY OF SAN FRANCISCO

STATE OF CALIFORNIA

UNLIMITED JURISDICTION

| | |
|---|---|
| GEORGE HARRIS,<br><br>  Plaintiff,<br><br>  vs.<br><br>VANCE INTERNATIONAL, INC., a corporation, doing business as VANCE UNIFORMED PROTECTION SERVICES, DOES    1 TO 10,<br><br>  Defendants. | No.  CGC-07-467029<br><br>COMPLAINT FOR EMPLOYMENT DISCRIMINATION; DEMAND FOR TRIAL BY JURY |

Plaintiff complains and alleges:

I.

At all times mentioned herein, Plaintiff, GEORGE HARRIS, was and now is an individual, residing in the City and County of Alameda, State of California.

At all times mentioned herein, Defendant, VANCE INTERNATIONAL, INC., was and is a corporation, organized and existing in the State of

Complaint

1   Virginia and doing business in the City and County of San Francisco.

2                    Said Defendant does business in the City and County of San

3   Francisco as VANCE UNIFORMED PROTECTION SERVICES.

4

5                                    II.

6                    Plaintiff does not know the true names or identities of those

7   Defendants sued herein as DOES 1 TO 10 and therefore, sues said Defendants by such fictitious

8   names.

9                    Plaintiff prays leave to amend his complaint to allege the correct

10  names and capacities of said Defendants, whenever the necessary facts are ascertained.

11

12                                   III.

13                   Plaintiff was hired by Defendants in March of 2006 as a

14  security officer.

15                   Defendants are "employers", as defined by the California Fair

16  Employment and Housing Act (FEHA).

17

18                                   IV.

19                   Ever since his employment by Defendants began, Plaintiff, who

20  is an African-American male over the age of 40 years, suffered sexual harassment, racial

21  discrimination, age discrimination and religious discrimination, all in violation of the FEHA.

22                                   V.

23                   On or about April 12, 2007, in the City and County of San

24
25  Francisco, Defendants terminated Plaintiff's employment, allegedly for the reason of reduction

26  in force, but in truth and in fact, such termination was the result of harassment, discrimination

27  and retaliation, as hereinabove alleged.

28

                                     2

VI.

On or about May 9, 2007, Plaintiff filed a compliant of discrimination with the California Department of Fair Employment and Housing (DFEH).

On or about July 10, 2007l, DFEH issued to Plaintiff a right-to-sue letter.

VII.

As a direct and proximate result of Defendants' discriminating actions against Plaintiff, Plaintiff has suffered and continues to suffer damages,, in the form of lost wages and other employment benefits, and severe emotional and physical distress, the exact amount of which will be proven at trial.

VIII.

Defendants acted for the purpose of causing Plaintiff to suffer financial loss and severe emotional and physical distress and are guilty of oppression and malice, entitling Plaintiff to an award of punitive or exemplary damages.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1.   For compensatory damages, according to proof and prejudgment interest allowable by law;

2.   For exemplary and punitive damages, according to proof;

3.   For reasonable attorney's fees;

4.   For costs of suit; and

3

1

2          5.    For such other relief as the Court may deem meet and

3   proper.

4

5   Dated:  September 7, 2007.

6                                               _____
                                                ALBERT L. BOASBERG,
7                                               Attorney for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

<div style="text-align:right">
FOR COURT USE ONLY<br>
(SOLO PARA USO DE LA CORTE)
</div>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
VANCE INTERNATIONAL, INC., a corporation, doing
business as VANCE UNIFORMED PROTECTION SERVICES,
DOES 1 TO 10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
GEORGE HARRIS

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.    A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.   If you cannot pay the filing fee, ask the court clerk for a fee waiver form.   If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante.  Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte.  Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca.  Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.  Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales.  Es recomendable que llame a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of San Francisco<br>400 McAllister Street<br>San Francisco, CA 94102 | CASE NUMBER<br>*(Número del Caso):* **CGC-07-467029** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Albert L. Boasberg, Esq.          415-989-6960
155 Montgomery Street, Suite 1010
San Francisco, CA 94104    415-989-6960

DATE:               **Gordon Park-L**          Clerk, by _____, Deputy
*(Fecha)*  **SEP 11 2007**                    *(Secretario)*   Jun Panelo      *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**          ©EB

Code of Civil Procedure §§ 412.20, 465

# EXHIBIT C

1  Robert M. Pattison (State Bar No. 103528)
   Janine R. Hudson (State Bar No. 206671)
2  JACKSON LEWIS LLP
   199 Fremont Street, 10th Floor
3  San Francisco, California 94105
   Telephone: (415) 394-9400
4  Facsimile: (415) 394-9401

5  Attorneys for Defendant
   VANCE UNIFORMED PROTECTION
6  SERVICES, INC. (erroneously sued as
   VANCE INTERNATIONAL, INC., doing
7  business as VANCE UNIFORMED
   PROTECTION SERVICES)

8

**ENDORSED**
**FILED**
San Francisco County Superior Court

NOV - 9 2007

GORDON PARK-LI, Clerk
BY: _____ MARIA SANCHEZ
                    Deputy Clerk

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10             COUNTY OF SAN FRANCISCO – UNLIMITED JURISDICTION

11

12  GEORGE HARRIS,                        Case No. CGC-07-467029

13          Plaintiff,

14     v.                                 **DEFENDANT VANCE UNIFORMED**
                                          **PROTECTION SERVICES, INC.'S**
15  VANCE INTERNATIONAL, INC., a          **ANSWER TO COMPLAINT FOR**
    corporation, doing business as VANCE  **EMPLOYMENT DISCRIMINATION;**
16  UNIFORMED PROTECTION SERVICES,        **DEMAND FOR TRIAL BY JURY**
    DOES 1 TO 10,
17                                        Complaint Filed:  September 11, 2007
                                          Trial Date:  None Set.
18          Defendants.

                                          BY FAX
19

20          Defendant VANCE UNIFORMED PROTECTION SERVICES, INC.'S, erroneously sued

21  as VANCE INTERNATIONAL, INC., ("Defendant") answers Plaintiff GEORGE HARRIS'

22  ("Plaintiff") Complaint as follows:

23                              **GENERAL DENIAL**

24          Pursuant to Code of Civil Procedure Section 431.30(d), Defendant denies, generally and

25  specifically, each and every allegation contained in Plaintiff's Unverified Complaint for Damages

26  ("Complaint").

27                            **AFFIRMATIVE DEFENSES**

28          By way of affirmative defense to the allegations of the Complaint, Defendant alleges as

    follows:

                                          1

ANSWER TO COMPLAINT                       Case No. CGC-07-467029

                                          **EXHIBIT C**

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State Facts Sufficient to Constitute Cause of Action)**

Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendant upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(Legitimate, Non-Discriminatory Business Reasons)**

Plaintiff's Complaint, and each cause of action alleged therein, is barred in that the actions of Defendant were just and proper exercises of management discretion, undertaken for a fair and honest reason regulated by good faith under the circumstances then existing, and based on legitimate, nondiscriminatory reasons.

**THIRD AFFIRMATIVE DEFENSE**

**(Failure to Exhaust Administrative Remedies)**

Defendant alleges that the Court has no jurisdiction over Plaintiff's Complaint to the extent Plaintiff has failed to timely exhaust his administrative remedies pursuant to the California Fair Employment and Housing Act, Government Code section 12940 *et seq.*

**FOURTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

Plaintiff's Complaint, and each cause of action alleged therein, is barred by the doctrine of unclean hands.

**FIFTH AFFIRMATIVE DEFENSE**

**(Avoidable Consequences)**

Plaintiff's Complaint, and each cause of action alleged therein, is barred in whole or in part because Plaintiff unreasonably failed to utilize the preventive or corrective remedies provided by Defendant to prevent and to otherwise avoid the alleged harm.

**SIXTH AFFIRMATIVE DEFENSE**

**(Offset)**

Plaintiff's damages, if any, are to be reduced by all income received by Plaintiff

2

1  subsequent to his separation from employment with Defendant.  Such income shall include,

2  without limitation, all earned income, state disability payments, social security disability

3  payments, private disability insurance benefits, Medi-Cal and Medicare benefits, and any other

4  monies paid to Plaintiff in compensation for services rendered under any federal, state or local

5  program or by any private insurance company.

6  ### SEVENTH AFFIRMATIVE DEFENSE

7  ### (Waiver)

8  Defendant had and continues to maintain and enforce a strenuous policy prohibiting and

9  seeking to prevent discrimination in the workplace.  Company policy includes statements that

10  encourage employees to come forward with complaints of discrimination.  Known violators of

11  this policy, including supervisory personnel, subject themselves to remedial and disciplinary

12  measures, including termination.  Plaintiff's refusal and failure to exhaust internal mechanisms

13  prior to bringing the present lawsuit act as an effective bar to his claims by the doctrine of waiver.

14  ### EIGHTH AFFIRMATIVE DEFENSE

15  ### (Comparative or Compensatory Negligence)

16  Plaintiff frustrated and prevented Defendant from thoroughly investigating Plaintiff's

17  allegations of discrimination and harassment by failing or refusing to report his allegations,

18  notwithstanding his ample opportunity to do so without fear of retaliation.  Accordingly,

19  Defendant had no actual or constructive knowledge of Plaintiff's allegations of discrimination

20  and harassment.  Therefore, any alleged failure by any Defendant to take remedial measures

21  resulted from Plaintiff's frustration of Defendants' ability to remedy any alleged discrimination or

22  harassment.  Plaintiff's conduct constitutes his own comparative or contributory negligence.

23  ### NINTH AFFIRMATIVE DEFENSE

24  ### (Failure to Mitigate Damages)

25  Defendant is informed and believes and thereon alleges that Plaintiff is barred from

26  recovering any damages for lost wages, or any recovery for lost wages must be reduced, by virtue

27  of Plaintiff's failure to exercise reasonable diligence to mitigate his alleged damages.

28  //

3

## TENTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

On information and belief, Plaintiff is barred from any recovery by the doctrine of after-acquired evidence. Defendant alleges that to the extent during the course of this litigation Defendant acquires any evidence of wrongdoing of Plaintiff, which wrongdoing would have materially affected the terms and conditions of Plaintiff's employment or would have resulted in his being demoted, disciplined or terminated, such after-acquired evidence shall bar Plaintiff's claims for liability or damages or shall reduce such claims as provided by law.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Estoppel)

Defendant had and continues to maintain and enforce a strenuous policy prohibiting and seeking to prevent discrimination and harassment in the workplace. Company policy includes statements that encourage employees to come forward with complaints of discrimination. Known violators of this policy, including supervisory personnel, subject themselves to remedial and disciplinary measures, including termination. Plaintiff's failure to exhaust internal mechanisms before bringing the present lawsuit acts as an effective bar to his claims by the doctrine of estoppel.

### PRAYER

**WHEREFORE,** Defendants pray for judgment as follows:

1. That Plaintiff take nothing by his Complaint;

2. That the Complaint be dismissed in its entirety with prejudice;

3. That Plaintiff be denied each and every demand and prayer for relief contained in the Complaint;

4. For costs of suit incurred herein, including reasonable attorney's fees; and

///
///
///
///

4

5.    For such other and further relief as the Court deems just and equitable.


Dated:  November 9, 2007                    JACKSON LEWIS LLP


                                    By:    _____
                                           Robert M. Pattison
                                           Janine R. Hudson
                                           Attorneys for Defendant
                                           VANCE UNIFORMED PROTECTION
                                           SERVICES, INC. (erroneously sued as
                                           VANCE INTERNATIONAL, INC.)

ANSWER TO COMPLAINT                                    Case No. CGC-07-467029

**PROOF OF SERVICE**

I, Linda A. Moore, declare that I am employed with the law firm of Jackson Lewis LLP, whose address is 199 Fremont Street, 10th Floor, San Francisco, California 94105; I am over the age of eighteen (18) years and am not a party to this action.

On November 9, 2007, I served the attached **DEFENDANT VANCE UNIFORMED SERVICES, INC.'S ANSWER TO COMPLAINT FOR EMPLOYMENT DISCRIMINATION; DEMAND FOR TRIAL BY JURY** in this action by placing a true and correct copy thereof, enclosed in a sealed envelope addressed as follows:

Albert L. Boasberg, Esq.                        *Attorney for Plaintiff*
Alexander Building
155 Montgomery Street, Suite 1010               *GEORGE HARRIS*
San Francisco, CA  94104
Tel.: (415) 989-6960
Fax: (415) 989-6961

[ X ]   BY MAIL:  United States Postal Service -  by placing a sealed envelope with the postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at San Francisco, California.

[  ]   BY HAND DELIVERY:  I caused such envelope(s) to be delivered by hand to the above address.

[  ]   BY OVERNIGHT DELIVERY:  I caused such envelope(s) to be delivered to the above address within 24 hours by overnight delivery service.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct; executed on November 9, 2007, at San Francisco, California.

_____
LINDA A. MOORE

PROOF OF SERVICE                                   Case No. CGC-07-467029

# EXHIBIT D

1  Robert M. Pattison (State Bar No. 103528)
   Janine R. Hudson (State Bar No. 206671)
2  JACKSON LEWIS LLP
   199 Fremont Street, 10th Floor
3  San Francisco, California 94105
   Telephone: (415) 394-9400
4  Facsimile: (415) 394-9401

5  Attorneys for Defendant
   VANCE UNIFORMED PROTECTION
6  SERVICES, INC. (erroneously sued as
   Vance International, Inc., doing business as
7  Vance Uniformed Protection Services)

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9           COUNTY OF SAN FRANCISCO – UNLIMITED JURISDICTION

10

| | |
|---|---|
| 11  GEORGE HARRIS, | Case No. CGC-07-467029 |
| 12              Plaintiff, | **REQUEST FOR STATEMENT OF DAMAGES PURSUANT TO C.C.P. §425.11** |
| 13        v. | |
| 14  VANCE INTERNATIONAL, INC., a corporation, doing business as VANCE | |
| 15  UNIFORMED PROTECTION SERVICES, DOES 1 TO 10, | Complaint Filed:        September 11, 2007 |
| 16              Defendants. | |
| 17 | |

18       Pursuant to Code of Civil Procedure § 425.11, Defendant VANCE UNIFORMED

19  PROCTECTION SERVICES, INC., by and through its attorneys of record, hereby requests that

20  Plaintiff GEORGE HARRIS furnish a statement setting forth the nature and amount of damages

21  being sought in this action, within 15 days hereof and in the manner required by law.

22  Dated: October 5, 2007              JACKSON LEWIS LLP

23

24                        By:   _____

25                              Robert M. Pattison
                                Janine R. Hudson
26                              Attorneys for Defendant
                                VANCE UNIFORMED PROTECTION
27                              SERVICES, INC. (erroneously sued as Vance
                                International, Inc., doing business as Vance
28                              Uniformed Protection Services.)

                                    1
REQUEST FOR STATEMENT OF DAMAGES PURSUANT TO
C.C.P. § 425.11                                     Case No. CGC-07-467029

**EXHIBIT D**

## PROOF OF SERVICE

I, Linda A. Moore, declare that I am employed with the law firm of Jackson Lewis LLP, whose address is 199 Fremont Street, 10th Floor, San Francisco, California 94105; I am over the age of eighteen (18) years and am not a party to this action.

On October 5, 2007, I served the attached **REQUEST FOR STATEMENT OF DAMAGES PURSUANT TO C.C.P. §425.11** in this action by placing a true and correct copy thereof, enclosed in a sealed envelope addressed as follows:

Albert L. Boasberg, Esq.                    *Attorney for Plaintiff*
Alexander Building
155 Montgomery Street, Suite 1010           *GEORGE HARRIS*
San Francisco, CA  94104
Tel.: (415) 989-6960
Fax:  (415) 989-6961

[ X ]    BY MAIL:  United States Postal Service -  by placing a sealed envelope with the postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at San Francisco, California.

[  ]    BY HAND DELIVERY:  I caused such envelope(s) to be delivered by hand to the above address.

[  ]    BY OVERNIGHT DELIVERY:  I caused such envelope(s) to be delivered to the above address within 24 hours by overnight delivery service.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct; executed on October 5, 2007, at San Francisco, California.


_Linda A. Moore_
LINDA A. MOORE

2
REQUEST FOR STATEMENT OF DAMAGES PURSUANT TO
C.C.P. § 425.11                                    Case No. CGC-07-467029

DISC-001

| |
|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Robert M. Pattison (State Bar No. 103528)<br>Janine R. Hudson (State Bar No. 206671)<br>JACKSON LEWIS LLP<br>199 Fremont St., 10th Fl.<br>San Francisco, CA  94105<br>TELEPHONE NO.: (415) 394-9400<br>FAX NO. (Optional): (415) 394-9401<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): Def. Vance Uniformed Protection Services, Inc., erroneously sued as Vance International, Inc. |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco<br>San Francisco Superior Court<br>Civic Center Courthouse |
| SHORT TITLE OF CASE: Harris v. Vance International, Inc., et al. |

| FORM INTERROGATORIES—GENERAL<br>Asking Party: Defendant Vance International, Inc.<br><br>Answering Party: Plaintiff George Harris<br>Set No.: One (1) | CASE NUMBER:<br>CGC-07-467029 |
|---|---|

**Sec. 1.    Instructions to All Parties**

(a)  Interrogatories are written questions prepared by a party to an action that are sent to any other party in the action to be answered under oath.  The interrogatories below are form interrogatories approved for use in civil cases.

(b)  For time limitations, requirements for service on other parties, and other details, see Code of Civil Procedure sections 2030.010-2030.410 and the cases construing those sections.

(c)  These form interrogatories do not change existing law relating to interrogatories nor do they affect an answering party's right to assert any privilege or make any objection.

**Sec. 2.    Instructions to the Asking Party**

(a)  These interrogatories are designed for optional use by parties in unlimited civil cases where the amount demanded exceeds $25,000.  Separate interrogatories, *Form Interrogatories—Limited Civil Cases (Economic Litigation)* (form DISC-004), which have no subparts, are designed for use in limited civil cases where the amount demanded is $25,000 or less; however, those interrogatories may also be used in unlimited civil cases.

(b)  Check the box next to each interrogatory that you want the answering party to answer. Use care in choosing those interrogatories that are applicable to the case.

(c)  You may insert your own definition of **INCIDENT** in Section 4, but only where the action arises from a course of conduct or a series of events occurring over a period of time.

(d)  The interrogatories in section 16.0, Defendant's Contentions—Personal Injury, should not be used until the defendant has had a reasonable opportunity to conduct an investigation or discovery of plaintiff's injuries and damages.

(e)  Additional interrogatories may be attached.

**Sec. 3.    Instructions to the Answering Party**

(a)  An answer or other appropriate response must be given to each interrogatory checked by the asking party.

(b)  As a general rule, within 30 days after you are served with these interrogatories, you must serve your responses on the asking party and serve copies of your responses on all other parties to the action who have appeared. See Code of Civil Procedure sections 2030.260–2030.270 for details.

(c)  Each answer must be as complete and straightforward as the information reasonably available to you, including the information possessed by your attorneys or agents, permits. If an interrogatory cannot be answered completely, answer it to the extent possible.

(d)  If you do not have enough personal knowledge to fully answer an interrogatory, say so, but make a reasonable and good faith effort to get the information by asking other persons or organizations, unless the information is equally available to the asking party.

(e)  Whenever an interrogatory may be answered by referring to a document, the document may be attached as an exhibit to the response and referred to in the response.  If the document has more than one page, refer to the page and section where the answer to the interrogatory can be found.

(f)  Whenever an address and telephone number for the same person are requested in more than one interrogatory, you are required to furnish them in answering only the first interrogatory asking for that information.

(g)  If you are asserting a privilege or making an objection to an interrogatory, you must specifically assert the privilege or state the objection in your written response.

(h)  Your answers to these interrogatories must be verified, dated, and signed. You may wish to use the following form at the end of your answers:

*I declare under penalty of perjury under the laws of the State of California that the foregoing answers are true and correct.*

_____     _____
             (DATE)                                         (SIGNATURE)

**Sec. 4. Definitions**

Words in **BOLDFACE CAPITALS** in these interrogatories are defined as follows:

(a) *(Check one of the following):*

[X] (1)  **INCIDENT** includes the circumstances and events surrounding the alleged accident, injury, or other occurrence or breach of contract giving rise to this action or proceeding.

Page 1 of 8

**FORM INTERROGATORIES—GENERAL**

Legal
Solutions
℠ Plus

Code of Civil Procedure,
§§ 2030.010-2030.410, 2033.710

☐ (2) **INCIDENT** means *(insert your definition here or on a separate, attached sheet labeled "Sec. 4(a)(2)"):*

(b) **YOU OR ANYONE ACTING ON YOUR BEHALF** includes you, your agents, your employees, your insurance companies, their agents, their employees, your attorneys, your accountants, your investigators, and anyone else acting on your behalf.

(c) **PERSON** includes a natural person, firm, association, organization, partnership, business, trust, limited liability company, corporation, or public entity.

(d) **DOCUMENT** means a writing, as defined in Evidence Code section 250, and includes the original or a copy of handwriting, typewriting, printing, photostats, photographs, electronically stored information, and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds, or symbols, or combinations of them.

(e) **HEALTH CARE PROVIDER** includes any **PERSON** referred to in Code of Civil Procedure section 667.7(e)(3).

(f) **ADDRESS** means the street address, including the city, state, and zip code.

**Sec. 5. Interrogatories**

The following interrogatories have been approved by the Judicial Council under Code of Civil Procedure section 2033.710:

CONTENTS

1.0   Identity of Persons Answering These Interrogatories
2.0   General Background Information—Individual
3.0   General Background Information—Business Entity
4.0   Insurance
5.0   *[Reserved]*
6.0   Physical, Mental, or Emotional Injuries
7.0   Property Damage
8.0   Loss of Income or Earning Capacity
9.0   Other Damages
10.0  Medical History
11.0  Other Claims and Previous Claims
12.0  Investigation — General
13.0  Investigation — Surveillance
14.0  Statutory or Regulatory Violations
15.0  Denials and Special or Affirmative Defenses
16.0  Defendant's Contentions Personal Injury
17.0  Responses to Request for Admissions
18.0  *[Reserved]*
19.0  *[Reserved]*
20.0  How the Incident Occurred—Motor Vehicle
25.0  *[Reserved]*
30.0  *[Reserved]*
40.0  *[Reserved]*
50.0  Contract
60.0  *[Reserved]*
70.0  Unlawful Detainer *[See separate form FI-128]*
101.0 Economic Litigation *[See separate form FI-129]*
200.0 Employment Law *[See separate form FI-130]*
      Family Law *[See separate form 1292.10]*

**1.0  Identity of Persons Answering These Interrogatories**

☒ 1.1 State the name, **ADDRESS**, telephone number, and relationship to you of each **PERSON** who prepared or assisted in the preparation of the responses to these interrogatories. *(Do not identify anyone who simply typed or reproduced the responses.)*

**2.0  General Background Information—individual**

☒ 2.1 State:
(a) your name;
(b) every name you have used in the past; and
(c) the dates you used each name.

☒ 2.2 State the date and place of your birth.

☐ 2.3 At the time of the **INCIDENT**, did you have a driver's license? If so, state:
(a) the state or other issuing entity;
(b) the license number and type;
(c) the date of issuance; and
(d) all restrictions.

☐ 2.4 At the time of the **INCIDENT**, did you have any other permit or license for the operation of a motor vehicle? If so, state:
(a) the state or other issuing entity;
(b) the license number and type;
(c) the date of issuance; and
(d) all restrictions.

☐ 2.5 State:
(a) your present residence **ADDRESS**;
(b) your residence **ADDRESSES** for the past five years; and
(c) the dates you lived at each **ADDRESS**.

☐ 2.6 State:
(a) the name, **ADDRESS**, and telephone number of your present employer or place of self-employment; and
(b) the name, **ADDRESS**, dates of employment, job title, and nature of work for each employer or self-employment you have had from five years before the **INCIDENT** until today.

☐ 2.7 State:
(a) the name and **ADDRESS** of each school or other academic or vocational institution you have attended, beginning with high school;
(b) the dates you attended;
(c) the highest grade level you have completed; and
(d) the degrees received.

☐ 2.8 Have you ever been convicted of a felony? If so, for each conviction state:
(a) the city and state where you were convicted;
(b) the date of conviction;
(c) the offense; and
(d) the court and case number.

☐ 2.9 Can you speak English with ease? If not, what language and dialect do you normally use?

☐ 2.10 Can you read and write English with ease? If not, what language and dialect do you normally use?

DISC-001

☐ 2.11 At the time of the **INCIDENT** were you acting as an agent or employee for any **PERSON**? If so, state:
(a) the name, **ADDRESS**, and telephone number of that **PERSON**; and
(b) a description of your duties.

☐ 2.12 At the time of the **INCIDENT** did you or any other person have any physical, emotional, or mental disability or condition that may have contributed to the occurrence of the **INCIDENT**? If so, for each person state:
(a) the name, **ADDRESS**, and telephone number;
(b) the nature of the disability or condition; and
(c) the manner in which the disability or condition contributed to the occurrence of the **INCIDENT**.

☐ 2.13 Within 24 hours before the **INCIDENT** did you or any person involved in the **INCIDENT** use or take any of the following substances: alcoholic beverage, marijuana, or other drug or medication of any kind (prescription or not)? If so, for each person state:
(a) the name, **ADDRESS**, and telephone number;
(b) the nature or description of each substance;
(c) the quantity of each substance used or taken;
(d) the date and time of day when each substance was used or taken;
(e) the **ADDRESS** where each substance was used or taken;
(f) the name, **ADDRESS**, and telephone number of each person who was present when each substance was used or taken; and
(g) the name, **ADDRESS**, and telephone number of any **HEALTH CARE PROVIDER** who prescribed or furnished the substance and the condition for which it was prescribed or furnished.

**3.0 General Background Information — Business Entity**

☐ 3.1 Are you a corporation? If so, state:
(a) the name stated in the current articles of incorporation;
(b) all other names used by the corporation during the past 10 years and the dates each was used;
(c) the date and place of incorporation;
(d) the **ADDRESS** of the principal place of business; and
(e) whether you are qualified to do business in California.

☐ 3.2 Are you a partnership? If so, state:
(a) the current partnership name;
(b) all other names used by the partnership during the past 10 years and the dates each was used;
(c) whether you are a limited partnership and, if so, under the laws of what jurisdiction;
(d) the name and **ADDRESS** of each general partner; and
(e) the **ADDRESS** of the principal place of business.

☐ 3.3 Are you a limited liability company? If so, state:
(a) the name stated in the current articles of organization;
(b) all other names used by the company during the past 10 years and the date each was used;
(c) the date and place of filing of the articles of organization;
(d) the **ADDRESS** of the principal place of business; and
(e) whether you are qualified to do business in California.

☐ 3.4 Are you a joint venture? If so, state:
(a) the current joint venture name;
(b) all other names used by the joint venture during the past 10 years and the dates each was used;
(c) the name and **ADDRESS** of each joint venturer; and
(d) the **ADDRESS** of the principal place of business.

☐ 3.5 Are you an unincorporated association? If so, state:
(a) the current unincorporated association name;
(b) all other names used by the unincorporated association during the past 10 years and the dates each was used; and
(c) the **ADDRESS** of the principal place of business.

☐ 3.6 Have you done business under a fictitious name during the past 10 years? If so, for each fictitious name state:
(a) the name;
(b) the dates each was used;
(c) the state and county of each fictitious name filing; and
(d) the **ADDRESS** of the principal place of business.

☐ 3.7 Within the past five years has any public entity registered or licensed your business? If so, for each license or registration:
(a) identify the license or registration;
(b) state the name of the public entity; and
(c) state the dates of issuance and expiration.

**4.0 Insurance**

☐ 4.1 At the time of the **INCIDENT**, was there in effect any policy of insurance through which you were or might be insured in any manner (for example, primary, pro-rata, or excess liability coverage or medical expense coverage) for the damages, claims, or actions that have arisen out of the **INCIDENT**? If so, for each policy state:
(a) the kind of coverage;
(b) the name and **ADDRESS** of the insurance company;
(c) the name, **ADDRESS**, and telephone number of each named insured;
(d) the policy number;
(e) the limits of coverage for each type of coverage contained in the policy;
(f) whether any reservation of rights or controversy or coverage dispute exists between you and the insurance company; and
(g) the name, **ADDRESS**, and telephone number of the custodian of the policy.

☐ 4.2 Are you self-insured under any statute for the damages, claims, or actions that have arisen out of the **INCIDENT**? If so, specify the statute.

**5.0** *[Reserved]*

**6.0 Physical, Mental, or Emotional Injuries**

☒ 6.1 Do you attribute any physical, mental, or emotional injuries to the **INCIDENT**? *(If your answer is "no," do not answer interrogatories 6.2 through 6.7).*

☒ 6.2 Identify each injury you attribute to the **INCIDENT** and the area of your body affected.

DISC-001

[X] 6.3 Do you still have any complaints that you attribute to the **INCIDENT**? If so, for each complaint state:
(a) a description;
(b) whether the complaint is subsiding, remaining the same, or becoming worse; and
(c) the frequency and duration.

[X] 6.4 Did you receive any consultation or examination (except from expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310) or treatment from a **HEALTH CARE PROVIDER** for any injury you attribute to the **INCIDENT**? If so, for each **HEALTH CARE PROVIDER** state:
(a) the name, **ADDRESS**, and telephone number;
(b) the type of consultation, examination, or treatment provided;
(c) the dates you received consultation, examination, or treatment; and
(d) the charges to date.

[X] 6.5 Have you taken any medication, prescribed or not, as a result of injuries that you attribute to the **INCIDENT**? If so, for each medication state:
(a) the name;
(b) the **PERSON** who prescribed or furnished it;
(c) the date it was prescribed or furnished;
(d) the dates you began and stopped taking it; and
(e) the cost to date.

[X] 6.6 Are there any other medical services necessitated by the injuries that you attribute to the **INCIDENT** that were not previously listed (for example, ambulance, nursing, prosthetics)? If so, for each service state:
(a) the nature;
(b) the date;
(c) the cost; and
(d) the name, **ADDRESS**, and telephone number of each provider.

[X] 6.7 Has any **HEALTH CARE PROVIDER** advised that you may require future or additional treatment for any injuries that you attribute to the **INCIDENT**? If so, for each injury state:
(a) the name and **ADDRESS** of each **HEALTH CARE PROVIDER**;
(b) the complaints for which the treatment was advised; and
(c) the nature, duration, and estimated cost of the treatment.

**7.0  Property Damage**

[X] 7.1 Do you attribute any loss of or damage to a vehicle or other property to the **INCIDENT**? If so, for each item of property:
(a) describe the property;
(b) describe the nature and location of the damage to the property;

(c) state the amount of damage you are claiming for each item of property and how the amount was calculated; and
(d) if the property was sold, state the name, **ADDRESS**, and telephone number of the seller, the date of sale, and the sale price.

[ ] 7.2 Has a written estimate or evaluation been made for any item of property referred to in your answer to the preceding interrogatory? If so, for each estimate or evaluation state:
(a) the name, **ADDRESS**, and telephone number of the **PERSON** who prepared it and the date prepared;
(b) the name, **ADDRESS**, and telephone number of each **PERSON** who has a copy of it; and
(c) the amount of damage stated.

[ ] 7.3 Has any item of property referred to in your answer to interrogatory 7.1 been repaired? If so, for each item state:
(a) the date repaired;
(b) a description of the repair;
(c) the repair cost;
(d) the name, **ADDRESS**, and telephone number of the **PERSON** who repaired it;
(e) the name, **ADDRESS**, and telephone number of the **PERSON** who paid for the repair.

**8.0  Loss of Income or Earning Capacity**

[X] 8.1 Do you attribute any loss of income or earning capacity to the **INCIDENT**? *(If your answer is "no," do not answer interrogatories 8.2 through 8.8).*

[X] 8.2 State:
(a) the nature of your work;
(b) your job title at the time of the **INCIDENT**; and
(c) the date your employment began.

[X] 8.3 State the last date before the **INCIDENT** that you worked for compensation.

[X] 8.4 State your monthly income at the time of the **INCIDENT** and how the amount was calculated.

[X] 8.5 State the date you returned to work at each place of employment following the **INCIDENT**.

[X] 8.6 State the dates you did not work and for which you lost income as a result of the **INCIDENT**.

[X] 8.7 State the total income you have lost to date as a result of the **INCIDENT** and how the amount was calculated.

[X] 8.8 Will you lose income in the future as a result of the **INCIDENT**? If so, state:
(a) the facts upon which you base this contention;
(b) an estimate of the amount;
(c) an estimate of how long you will be unable to work; and
(d) how the claim for future income is calculated.

DISC-001

#### 9.0 Other Damages

[X] 9.1    Are there any other damages that you attribute to the INCIDENT? If so, for each item of damage state:
(a) the nature;
(b) the date it occurred;
(c) the amount; and
(d) the name, ADDRESS, and telephone number of each PERSON to whom an obligation was incurred.

[X] 9.2    Do any DOCUMENTS support the existence or amount of any item of damages claimed in interrogatory 9.1? If so, describe each document and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT.

#### 10.0 Medical History

[ ] 10.1   At any time before the INCIDENT did you have complaints or injuries that involved the same part of your body claimed to have been injured in the INCIDENT? If so, for each state:
(a) a description of the complaint or injury;
(b) the dates it began and ended; and
(c) the name, ADDRESS, and telephone number of each HEALTH CARE PROVIDER whom you consulted or who examined or treated you.

[ ] 10.2   List all physical, mental, and emotional disabilities you had immediately before the INCIDENT. *(You may omit mental or emotional disabilities unless you attribute any mental or emotional injury to the INCIDENT.)*

[ ] 10.3   At any time after the INCIDENT, did you sustain injuries of the kind for which you are now claiming damages? If so, for each incident giving rise to an injury state:
(a) the date and the place it occurred;
(b) the name, ADDRESS, and telephone number of any other PERSON involved;
(c) the nature of any injuries you sustained;
(d) the name, ADDRESS, and telephone number of each HEALTH CARE PROVIDER who you consulted or who examined or treated you; and
(e) the nature of the treatment and its duration.

#### 11.0 Other Claims and Previous Claims

[ ] 11.1   Except for this action, in the past 10 years have you filed an action or made a written claim or demand for compensation for your personal injuries? If so, for each action, claim, or demand state:
(a) the date, time, and place and location (closest street ADDRESS or intersection) of the INCIDENT giving rise to the action, claim, or demand;
(b) the name, ADDRESS, and telephone number of each PERSON against whom the claim or demand was made or the action filed;

(c) the court, names of the parties, and case number of any action filed;
(d) the name, ADDRESS, and telephone number of any attorney representing you;
(e) whether the claim or action has been resolved or is pending; and
(f) a description of the injury. .

[ ] 11.2   In the past 10 years have you made a written claim or demand for workers' compensation benefits? If so, for each claim or demand state:
(a) the date, time, and place of the INCIDENT giving rise to the claim;
(b) the name, ADDRESS, and telephone number of your employer at the time of the injury;
(c) the name, ADDRESS, and telephone number of the workers' compensation insurer and the claim number;
(d) the period of time during which you received workers' compensation benefits;
(e) a description of the injury;
(f) the name, ADDRESS, and telephone number of any HEALTH CARE PROVIDER who provided services; and
(g) the case number at the Workers' Compensation Appeals Board.

#### 12.0 Investigation—General

[ ] 12.1   State the name, ADDRESS, and telephone number of each individual:
(a) who witnessed the INCIDENT or the events occurring immediately before or after the INCIDENT;
(b) who made any statement at the scene of the INCIDENT;
(c) who heard any statements made about the INCIDENT by any individual at the scene; and
(d) who YOU OR ANYONE ACTING ON YOUR BEHALF claim has knowledge of the INCIDENT (except for expert witnesses covered by Code of Civil Procedure section 2034).

[ ] 12.2   Have YOU OR ANYONE ACTING ON YOUR BEHALF interviewed any individual concerning the INCIDENT? If so, for each individual state:
(a) the name, ADDRESS, and telephone number of the individual interviewed;
(b) the date of the interview; and
(c) the name, ADDRESS, and telephone number of the PERSON who conducted the interview.

[ ] 12.3   Have YOU OR ANYONE ACTING ON YOUR BEHALF obtained a written or recorded statement from any individual concerning the INCIDENT? If so, for each statement state:
(a) the name, ADDRESS, and telephone number of the individual from whom the statement was obtained;
(b) the name, ADDRESS, and telephone number of the individual who obtained the statement;
(c) the date the statement was obtained; and
(d) the name, ADDRESS, and telephone number of each PERSON who has the original statement or a copy.

☐ 12.4 Do **YOU OR ANYONE ACTING ON YOUR BEHALF** know of any photographs, films, or videotapes depicting any place, object, or individual concerning the **INCIDENT** or plaintiff's injuries? If so, state:
(a) the number of photographs or feet of film or videotape;
(b) the places, objects, or persons photographed, filmed, or videotaped;
(c) the date the photographs, films, or videotapes were taken;
(d) the name, **ADDRESS**, and telephone number of the individual taking the photographs, films, or videotapes; and
(e) the name, **ADDRESS**, and telephone number of each **PERSON** who has the original or a copy of the photographs, films, or videotapes.

☐ 12.5 Do **YOU OR ANYONE ACTING ON YOUR BEHALF** know of any diagram, reproduction, or model of any place or thing (except for items developed by expert witnesses covered by Code of Civil Procedure sections 2034.210-2034.310) concerning the **INCIDENT**? If so, for each item state:
(a) the type (i.e., diagram, reproduction, or model);
(b) the subject matter; and
(c) the name, **ADDRESS**, and telephone number of each **PERSON** who has it.

☐ 12.6 Was a report made by any **PERSON** concerning the **INCIDENT**? If so, state:
(a) the name, title, identification number, and employer of the **PERSON** who made the report;
(b) the date and type of report made;
(c) the name, **ADDRESS**, and telephone number of the **PERSON** for whom the report was made; and
(d) the name, **ADDRESS**, and telephone number of each **PERSON** who has the original or a copy of the report.

☐ 12.7 Have **YOU OR ANYONE ACTING ON YOUR BEHALF** inspected the scene of the **INCIDENT**? If so, for each inspection state:
(a) the name, **ADDRESS**, and telephone number of the individual making the inspection (except for expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310); and
(b) the date of the inspection.

**13.0 Investigation—Surveillance**

☐ 13.1 Have **YOU OR ANYONE ACTING ON YOUR BEHALF** conducted surveillance of any individual involved in the **INCIDENT** or any party to this action? If so, for each surveillance state:
(a) the name, **ADDRESS**, and telephone number of the individual or party;
(b) the time, date, and place of the surveillance;
(c) the name, **ADDRESS**, and telephone number of the individual who conducted the surveillance; and
(d) the name, **ADDRESS**, and telephone number of each **PERSON** who has the original or a copy of any surveillance photograph, film, or videotape.

☐ 13.2 Has a written report been prepared on the surveillance? If so, for each written report state:
(a) the title;
(b) the date;
(c) the name, **ADDRESS**, and telephone number of the individual who prepared the report; and
(d) the name, **ADDRESS**, and telephone number of each **PERSON** who has the original or a copy.

**14.0 Statutory or Regulatory Violations**

☐ 14.1 Do **YOU OR ANYONE ACTING ON YOUR BEHALF** contend that any **PERSON** involved in the **INCIDENT** violated any statute, ordinance, or regulation and that the violation was a legal (proximate) cause of the **INCIDENT**? If so, identify the name, **ADDRESS**, and telephone number of each **PERSON** and the statute, ordinance, or regulation that was violated.

☐ 14.2 Was any **PERSON** cited or charged with a violation of any statute, ordinance, or regulation as a result of this **INCIDENT**? If so, for each **PERSON** state:
(a) the name, **ADDRESS**, and telephone number of the **PERSON**;
(b) the statute, ordinance, or regulation allegedly violated;
(c) whether the **PERSON** entered a plea in response to the citation or charge and, if so, the plea entered; and
(d) the name and **ADDRESS** of the court or administrative agency, names of the parties, and case number.

**15.0 Denials and Special or Affirmative Defenses**

☐ 15.1 Identify each denial of a material allegation and each special or affirmative defense in your pleadings and for each:
(a) state all facts upon which you base the denial or special or affirmative defense;
(b) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of those facts; and
(c) identify all **DOCUMENTS** and other tangible things that support your denial or special or affirmative defense, and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT**.

**16.0 Defendant's Contentions—Personal Injury**

☐ 16.1 Do you contend that any **PERSON**, other than you or plaintiff, contributed to the occurrence of the **INCIDENT** or the injuries or damages claimed by plaintiff? If so, for each **PERSON**:
(a) state the name, **ADDRESS**, and telephone number of the **PERSON**;
(b) state all facts upon which you base your contention;
(c) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

☐ 16.2 Do you contend that plaintiff was not injured in the **INCIDENT**? If so:
(a) state all facts upon which you base your contention;
(b) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(c) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

☐ 16.3  Do you contend that the injuries or the extent of the injuries claimed by plaintiff as disclosed in discovery proceedings thus far in this case were not caused by the INCIDENT?  If so, for each injury:
(a) identify it;
(b) state all facts upon which you base your contention;
(c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts; and
(d) identify all DOCUMENTS and other tangible things that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

☐ 16.4  Do you contend that any of the services furnished by any HEALTH CARE PROVIDER claimed by plaintiff in discovery proceedings thus far in this case were not due to the INCIDENT?  If so:
(a) identify each service;
(b) state all facts upon which you base your contention;
(c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts; and
(d) identify all DOCUMENTS and other tangible things that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

☐ 16.5  Do you contend that any of the costs of services furnished by any HEALTH CARE PROVIDER claimed as damages by plaintiff in discovery proceedings thus far in this case were not necessary or unreasonable?  If so:
(a) identify each cost;
(b) state all facts upon which you base your contention;
(c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts; and
(d) identify all DOCUMENTS and other tangible things that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

☐ 16.6  Do you contend that any part of the loss of earnings or income claimed by plaintiff in discovery proceedings thus far in this case was unreasonable or was not caused by the INCIDENT?  If so:
(a) identify each part of the loss;
(b) state all facts upon which you base your contention;
(c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts; and
(d) identify all DOCUMENTS and other tangible things that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

☐ 16.7  Do you contend that any of the property damage claimed by plaintiff in discovery proceedings thus far in this case was not caused by the INCIDENT?  If so:
(a) identify each item of property damage;
(b) state all facts upon which you base your contention;
(c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts; and
(d) identify all DOCUMENTS and other tangible things that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

☐ 16.8  Do you contend that any of the costs of repairing the property damage claimed by plaintiff in discovery proceedings thus far in this case were unreasonable?  If so:
(a) identify each cost item;
(b) state all facts upon which you base your contention;
(c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts; and
(d) identify all DOCUMENTS and other tangible things that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

☐ 16.9  Do YOU OR ANYONE ACTING ON YOUR BEHALF have any DOCUMENT (for example, insurance bureau index reports) concerning claims for personal injuries made before or after the INCIDENT by a plaintiff in this case?  If so, for each plaintiff state:
(a) the source of each DOCUMENT;
(b) the date each claim arose;
(c) the nature of each claim; and
(d) the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT.

☐ 16.10  Do YOU OR ANYONE ACTING ON YOUR BEHALF have any DOCUMENT concerning the past or present physical, mental, or emotional condition of any plaintiff in this case from a HEALTH CARE PROVIDER not previously identified (except for expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310)?  If so, for each plaintiff state:
(a) the name, ADDRESS, and telephone number of each HEALTH CARE PROVIDER;
(b) a description of each DOCUMENT; and
(c) the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT.

**17.0 Responses to Request for Admissions**

☐ 17.1  Is your response to each request for admission served with these interrogatories an unqualified admission?  If not, for each response that is not an unqualified admission:
(a) state the number of the request;
(b) state all facts upon which you base your response;
(c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of those facts; and
(d) identify all DOCUMENTS and other tangible things that support your response and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

**18.0** *[Reserved]*

**19.0** *[Reserved]*

**20.0 How the Incident Occurred—Motor Vehicle**

☐ 20.1  State the date, time, and place of the INCIDENT (closest street ADDRESS or intersection).

☐ 20.2  For each vehicle involved in the INCIDENT, state:
(a) the year, make, model, and license number;
(b) the name, ADDRESS, and telephone number of the driver;

(c) the name, **ADDRESS**, and telephone number of each occupant other than the driver;

(d) the name, **ADDRESS**, and telephone number of each registered owner;

(e) the name, **ADDRESS**, and telephone number of each lessee;

(f) the name, **ADDRESS**, and telephone number of each owner other than the registered owner or lien holder; and

(g) the name of each owner who gave permission or consent to the driver to operate the vehicle.

20.3  State the **ADDRESS** and location where your trip began and the **ADDRESS** and location of your destination.

20.4  Describe the route that you followed from the beginning of your trip to the location of the **INCIDENT**, and state the location of each stop, other than routine traffic stops, during the trip leading up to the **INCIDENT**.

20.5  State the name of the street or roadway, the lane of travel, and the direction of travel of each vehicle involved in the **INCIDENT** for the 500 feet of travel before the **INCIDENT**.

20.6  Did the **INCIDENT** occur at an intersection? If so, describe all traffic control devices, signals, or signs at the intersection.

20.7  Was there a traffic signal facing you at the time of the **INCIDENT**? If so, state:
(a) your location when you first saw it;
(b) the color;
(c) the number of seconds it had been that color; and
(d) whether the color changed between the time you first saw it and the **INCIDENT**.

20.8  State how the **INCIDENT** occurred, giving the speed, direction, and location of each vehicle involved:
(a) just before the **INCIDENT**;
(b) at the time of the **INCIDENT**; and
(c) just after the **INCIDENT**.

20.9  Do you have information that a malfunction or defect in a vehicle caused the **INCIDENT**?  If so:
(a) identify the vehicle;
(b) identify each malfunction or defect;
(c) state the name, **ADDRESS**, and telephone number of each **PERSON** who is a witness to or has information about each malfunction or defect; and
(d) state the name, **ADDRESS**, and telephone number of each **PERSON** who has custody of each defective part.

20.10 Do you have information that any malfunction or defect in a vehicle contributed to the injuries sustained in the **INCIDENT**? If so:
(a) identify the vehicle;
(b) identify each malfunction or defect;
(c) state the name, **ADDRESS**, and telephone number of each **PERSON** who is a witness to or has information about each malfunction or defect; and

(d) state the name, **ADDRESS**, and telephone number of each **PERSON** who has custody of each defective part.

20.11 State the name, **ADDRESS**, and telephone number of each owner and each **PERSON** who has had possession since the **INCIDENT** of each vehicle involved in the **INCIDENT**.

**25.0** *[Reserved]*

**30.0** *[Reserved]*

**40.0** *[Reserved]*

**50.0  Contract**

50.1  For each agreement alleged in the pleadings:
(a) identify each **DOCUMENT** that is part of the agreement and for each state the name, **ADDRESS**, and telephone number of each **PERSON** who has the **DOCUMENT**;
(b) state each part of the agreement not in writing, the name, **ADDRESS**, and telephone number of each **PERSON** agreeing to that provision, and the date that part of the agreement was made;
(c) identify all **DOCUMENTS** that evidence any part of the agreement not in writing and for each state the name, **ADDRESS**, and telephone number of each **PERSON** who has the **DOCUMENT**;
(d) identify all **DOCUMENTS** that are part of any modification to the agreement, and for each state the name, **ADDRESS**, and telephone number of each **PERSON** who has the **DOCUMENT**;
(e) state each modification not in writing, the date, and the name, **ADDRESS**, and telephone number of each **PERSON** agreeing to the modification, and the date the modification was made;
(f) identify all **DOCUMENTS** that evidence any modification of the agreement not in writing and for each state the name, **ADDRESS**, and telephone number of each **PERSON** who has the **DOCUMENT**.

50.2  Was there a breach of any agreement alleged in the pleadings?  If so, for each breach describe and give the date of every act or omission that you claim is the breach of the agreement.

50.3  Was performance of any agreement alleged in the pleadings excused? If so, identify each agreement excused and state why performance was excused.

50.4  Was any agreement alleged in the pleadings terminated by mutual agreement, release, accord and satisfaction, or novation?  If so, identify each agreement terminated, the date of termination, and the basis of the termination.

50.5  Is any agreement alleged in the pleadings unenforceable?  If so, identify each unenforceable agreement and state why it is unenforceable.

50.6  Is any agreement alleged in the pleadings ambiguous? If so, identify each ambiguous agreement and state why it is ambiguous.

**60.0** *[Reserved]*

1

## PROOF OF SERVICE

2

    I, Linda A. Moore, declare that I am employed with the law firm of Jackson Lewis

3

LLP, whose address is 199 Fremont Street, 10th Floor, San Francisco, California 94105; I am

4

over the age of eighteen (18) years and am not a party to this action.

5

    On October 5, 2007, I served the attached **FORM INTERROGATORIES –**

6

**GENERAL, SET NO. ONE** in this action by placing a true and correct copy thereof, enclosed in

7

a sealed envelope addressed as follows:

8

9

| | |
|---|---|
| Albert L. Boasberg, Esq. | *Attorney for Plaintiff* |
| Alexander Building | |
| 155 Montgomery Street, Suite 1010 | *GEORGE HARRIS* |
| San Francisco, CA 94104 | |
| Tel.: (415) 989-6960 | |
| Fax: (415) 989-6961 | |

10

11

12

13

[ X ]  BY MAIL:  United States Postal Service -  by placing a sealed envelope with the postage

14

thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at San Francisco, California.

15

16

[  ]  BY HAND DELIVERY:  I caused such envelope(s) to be delivered by hand to the above

17

address.

18

[  ]  BY OVERNIGHT DELIVERY:  I caused such envelope(s) to be delivered to the above

19

address within 24 hours by overnight delivery service.

20

    I declare under penalty of perjury under the laws of the State of California that the

21

above is true and correct; executed on October 5, 2007, at San Francisco, California.

22

23

24

                  *Linda A. Moore*

25

                  LINDA A. MOORE

26

27

28

---

PROOF OF SERVICE                               Case No. CGC-07-467029

# EXHIBIT E

CIV-050

**- DO NOT FILE WITH THE COURT-**
**-UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address):* | | FOR COURT USE ONLY |
|---|---|---|
| Albert L. Boasberg, Esq.<br>155 Montgomery Street, Suite 1010<br>San Francisco, CA 94104<br>SBN: 31205 | TELEPHONE NO.:<br>415-989-6960 | |

ATTORNEY FOR *(name):* GEORGE HARRIS

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
STREET ADDRESS: Superior Court of San Francisco
MAILING ADDRESS: 400 McAllister Street
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME:

PLAINTIFF: GEORGE HARRIS
DEFENDANT: VANCE INTERNATIONAL, INC., etc.

| **STATEMENT OF DAMAGES**<br>(Personal Injury or Wrongful Death) | CASE NUMBER:<br>CGC-07-467029 |
|---|---|

To *(name of one defendant only):* VANCE INTERNATIONAL, INC.
Plaintiff *(name of one plaintiff only):* GEORGE HARRIS
seeks damages in the above-entitled action, as follows:

AMOUNT

**1. General damages**

a. [X] Pain, suffering, and inconvenience ........................................................... $    500,000.00

b. [X] Emotional distress. ........................................................................... $    500,000.00

c. [ ] Loss of consortium ........................................................................... $ _____

d. [ ] Loss of sociey and companionship *(wrongful death actions only)* ...................... $ _____

e. [ ] Other *(specify)* _____ $ _____

f. [ ] Other *(specify)* _____ $ _____

g. [ ] Continued on Attachment 1.g.

**2. Special damages**

a. [ ] Medical expenses *(to date)* ............................................................... $ _____

b. [ ] Future medical expenses *(present value)* ................................................. $ _____

c. [X] Loss of earnings *(to date)* ............................................................... $    21,762.00

d. [X] Loss of future earning capacity *(present value)* $3,627 per month ................... $   Unk

e. [ ] Property damage .............................................................................. $ _____

f. [ ] Funeral expenses *(wrongful death actions only)* ........................................ $ _____

g. [ ] Future contributions *(present value) (wrongful death actions only)* .................... $ _____

h. [ ] Value of personal service, advice, or training *(wrongful death actions only)* ........ $ _____

i. [ ] Other *(specify)* _____ $ _____

j. [ ] Other *(specify)* _____ $ _____

k. [ ] Continued on Attachment 2.k.

**3.** [X] **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of *(specify)..* $   1,000,000.00
    when pursuing a judgment in the suit filed against you.

Date: October 30, 2007

ALBERT L. BOASBERG
      (TYPE OR PRINT NAME)

      (SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)

Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CIV-050 [Rev. January 1, 2007]

**STATEMENT OF DAMAGES**
(Personal Injury or Wrongful Death)



Code of Civil Procedure, §§ 425.11, 425.115
www.courtinfo.ca.gov

**EXHIBIT E**

CIV-050

| PLAINTIFF: GEORGE HARRIS | CASE NUMBER: |
|---|---|
| DEFENDANT: VANCE INTERNATIONAL, INC., etc. | CGC-07-467029 |

### PROOF OF SERVICE

*(After having the other party served as described below, with any of the documents identified in item 1, have the person who served the documents complete this Proof of Service. Plaintiff cannot serve these papers.)*

1. I served the
   a. [X] Statement of Damages [ ] Other *(specify):*

   b. on *(name):* Robert M. Pattison, Esq.

   c. by serving [X] defendant [ ] other *(name and title or relationship to person served):*

   d. [ ] by delivery [ ] at home [ ] at business
      (1) date:
      (2) time:
      (3) address:

   e. [X] by mailing
      (1) date: October 30, 2007
      (2) place: 199 Fremont Street, 10th Floor, San Francisco CA 94105

2. Manner of service *(check proper box):*
   a. [ ] **Personal service.** By personally delivering copies. (CCP § 415.10)
   b. [ ] **Substituted service on corporation, unincorporated association (including partnership), or public entity.** By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP § 415.20(a))
   c. [ ] **Substituted service on natural person, minor, conservatee, or candidate.** By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of the office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP § 415.20(b)) **(Attach separate declaration or affidavit stating acts relied on to establish reasonable diligence in first attempting personal service.)**
   d. [ ] **Mail and acknowledgment service.** By mailing (by first- class mail or airmail, postage prepaid) copies to the person served, together with two copies of the form of notice and acknowledgment and a return envelope, postage prepaid, addressed to the sender. (CCP § 415.30) **(Attach completed acknowledgment of receipt.)**
   e. [ ] **Certified or registered mail service.** By mailing to an address outside California (by first-class mail, postage prepaid, requiring a return receipt) copies to the person served. (CCP § 415.40) **(Attach signed return receipt or other evidence of actual delivery to the person served.)**
   f. [ ] **Other** *(specify code section):*
      [ ] additional page is attached.

3. At the time of service I was at least 18 years of age and not a party to this action.
4. Fee for service: $
5. Person serving:
   a. [ ] California sheriff, marshal, or constable
   b. [ ] Registered California process server
   c. [ ] Employee or independent contractor of a registered California process server
   d. [X] Not a registered California process server
   e. [ ] Exempt from registration under Bus. & Prof. Code § 22350(b)

   f. Name, address and telephone number and, if applicable, county of registration and number:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

*(For California sheriff, marshal, or constable use only)*
I certify that the foregoing is true and correct.

Date: October 30, 2007,

Date:

▶ _____
(SIGNATURE)

▶ _____
(SIGNATURE)

**PROOF OF SERVICE**
**(Statement of Damages)**

©EB

Code of Civil Procedure §§ 425.11, 425.115

ALBERT L. BOASBERG
Attorney at Law
Alexander Building, Suite 1106
155 Montgomery Street
San Francisco, CA 94104
Telephone (415) 989-6960
State Bar No. 31205

Attorney for Plaintiff


SUPERIOR COURT, CITY AND COUNTY OF SAN FRANCISCO

STATE OF CALIFORNIA

UNLIMITED JURISDICTION


| | | |
|---|---|---|
| GEORGE HARRIS, | ) | No. CGC-07-467029 |
| | ) | |
| Plaintiff, | ) | PLAINTIFF'S ANSWERS TO |
| vs. | ) | DEFENDANT'S FORM |
| | ) | INTERROGATORIES |
| VANCE INTERNATIONAL, INC., | ) | |
| etc., et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |


Propounding Party:     Defendant, VANCE INTERNATIONAL, INC.

Responding Party:      Plaintiff, GEORGE HARRIS

Set No.:               One

    Comes now GEORGE HARRIS, the Plaintiff herein, and responding to the form interrogatories, heretofore propounded to him by VANCE INTERNATIONAL, INC., the Defendant herein, states as follows:

Complaint

ANSWER TO INTERROGATORY NO. 1.1:

George Harris
16077 Ashland Avenue, #305
San Lorenzo, CA 94580
510-228-2972

ANSWER TO INTERROGATORY NO. 2.1:

a-b.    George Ellis Harris;

c.    Since birth.

ANSWER TO INTERROGATORY NO. 2.2:

November 27, 1950, Vicksburg, Mississippi.

ANSWER TO INTERROGATORY NO. 6.1:

Yes.

ANSWER TO INTERROGATORY NO. 6.2:

I am suffering from inconvenience, mental anguish, emotional distress and loss of enjoyment of life.

ANSWER TO INTERROGATORY NO. 6.3:

a.    Yes, insomnia, headaches and nervousness;

b.    Remaining the same;

c.    Everyday.

ANSWER TO INTERROGATORY NO. 6.4:

No.

ANSWER TO INTERROGATORY NO. 6.5:

No.

ANSWER TO INTERROGATORY NO. 6.6:

No.

ANSWER TO INTERROGATORY NO. 6.7:

No.

ANSWER TO INTERROGATORY NO. 7.1:

No.

ANSWER TO INTERROGATORY NO. 8.1:

Yes.

ANSWER TO INTERROGATORY NO. 8.2:

a.    Security;

b.    Security Officer;

c.    March 22, 2006.

ANSWER TO INTERROGATORY NO. 8.3:

April 5, 2007.

ANSWER TO INTERROGATORY NO. 8.4:

$3,627.00 per month.

```
Regular Hours:  $12.50hr x 40hr week= $500.00
Overtime $18.75hr x 16hr week=          300.00
California overtime $25hr, 4hr week=    100.00
Uniform Cleaning allowance, week=         6.75
                                       $906.75
                                          x  4
Monthly Income:                      $3,627.00
```

ANSWER TO INTERROGATORY NO. 8.5:

I have not returned to work.

ANSWER TO INTERROGATORY NO. 8.6:

April 12, 2007 to present.

ANSWER TO INTERROGATORY NO. 8.7:

$21,762.00.  I have lost my monthly income the sum of $3,627 for the past six months.

ANSWER TO INTERROGATORY NO. 8.8:

Yes.

a.      I have not returned to work;

b.      $43,524.00.

c.      Unknown;

d.      Monthly income.

ANSWER TO INTERROGATORY NO. 9.1:

No.

ANSWER TO INTERROGATORY NO. 9.2:

N/A.

Dated:  October 25, 2007.

_____
ALBERT L. BOASBERG,
Attorney for Plaintiff

4

1
2
3                              **VERIFICATION**
4
5                    I am the Plaintiff in the above-captioned matter. I am familiar
6
7   with the contents of the foregoing response to discovery request. The information supplied
8   therein is based on my own personal knowledge and has been supplied by my attorney or other
9   agent and is therefore provided as required by law. The information contained in the foregoing
10  document is true, except as to the matters which were provided by may attorney or other agent,
11  and, as to those matters, I am informed and believe that they are true.
12
13
14  Dated: October / 7, 2007.                          _George Harris_____
15                                                         GEORGE HARRIS
16
17
18
19
20
21
22
23
24
25
26
27
28

Verification

PROOF OF SERVICE BY MAIL -- C.C.P. 1013 (a), 2015.5

I declare that I am employed in the County of San Francisco, California. I am over the age of eighteen years and not a party to the within entitled action; my business address is: 155 Montgomery Street, Suite 1010, San Francisco, California 94104.

On October 30, 2007, I served the attached Answers to Form Interrogatories, on the Defendant herein, by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California, addressed as follows:

Robert M. Pattison, Esq.
Jackson Lewis LLP
199 Fremont Street, 10th Floor
San Francisco, CA 94105

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed at San Francisco, California, this 30th day of October, 2007.

_Cheryl Campos_
CHERYL CAMPOS