1  Robert M. Pattison (State Bar No. 103528)
   Janine R. Hudson (State Bar No. 206671)
2  JACKSON LEWIS LLP
   199 Fremont Street, 10th Floor
3  San Francisco, California 94105
   Telephone: (415) 394-9400
4  Facsimile: (415) 394-9401

5  Attorneys for Defendant
   VANCE UNIFORMED PROTECTION
6  SERVICES, INC. (erroneously sued as
   VANCE INTERNATIONAL, INC., doing
7  business as VANCE UNIFORMED
   PROTECTION SERVICES)
8
   ALBERT L. BOASBERG (SBN 31205)
9  ATTORNEY AT LAW
   ALEXANDER BUILDING
10 155 MONTGOMERY ST., STE. 1010
   SAN FRANCISCO, CA 94104
11 TEL.: (415) 989-6960
   FAX: (415) 989-6961
12
   Attorneys for Plaintiff
13 GEORGE HARRIS

14              UNITED STATES DISTRICT COURT

15              NORTHERN DISTRICT OF CALIFORNIA

16

17 | GEORGE HARRIS,                              | Case No. CV-07-5991 WHA
18 |         Plaintiff,                          | **JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER**
19 |    v.                                       |
20 | VANCE INTERNATIONAL, INC., a                | Date:      February 28, 2008
   | corporation, doing business as VANCE        | Time:      11:00 a.m.
21 | UNIFORMED PROTECTION SERVICES,              | Ctrm:      9; 19th Floor
   | DOES 1 TO 10,                               | Judge:     Hon. William H. Alsup
22 |                                             |
23 |         Defendants.                         | Complaint Filed:  09/11/2007
   |                                             | Case Removed:     11/27/2007
24 |                                             | Trial Date:       None Set

25

26      Pursuant to the Court's November 27, 2007 Standing Order and Civil Local Rule 16-9,

27 Plaintiff GEORGE HARRIS and Defendant VANCE UNIFORMED PROTECTION SERVICES,

28 INC. (erroneously sued as "VANCE INTERNATIONAL, INC., doing business as VANCE

                                          1
JOINT CASE MANAGEMENT CONFERENCE
STATEMENT AND [PROPOSED] ORDER                                   Case No. CV-07-5991 WHA

UNIFORMED PROTECTION SERVICES") (hereinafter collectively referred to as the "Parties") jointly submit the following Case Management Statement.

1.   Jurisdiction and Service:

Defendant timely filed a Notice of Removal of this matter from the San Francisco Superior Court under 28 U.S.C. Section 1446(b) within 30 days after receipt of Plaintiff's written discovery responses confirming that grounds for removal based on diversity jurisdiction existed.

This Court has original jurisdiction of this civil action under 28 U.S.C. Section 1332(a), and it is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. Section 1441(a) because it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

Venue is proper in this Court pursuant to 28 U.S.C. Section 1441(a) and Section 1391(a) because the state action was filed in San Francisco County, a county within this judicial district, and the action arose within this judicial district.

All parties have been served.

2.   Facts:

Plaintiff's factual summary:

Plaintiff was hired by Defendant as a security officer in March of 2006. He worked well and faithfully for Defendant until April 12, 2007, at which time he was terminated.

Plaintiff alleges a cause of action based upon the California Fair Employment and Housing Act, claiming that his termination was the result of unlawful discrimination based upon his age, race, sex and religion.

Defendant's factual summary:

Defendant disputes Plaintiff's factual summary. The following summary is an overview of Defendant's position; it does not include all the facts upon which Defendant will rely in this case.

In late March 2006, defendant Vance Uniformed Protection Services, Inc. ("Defendant" or "Vance"), hired Plaintiff to work as a security officer. During Plaintiff's 13-month employment, Plaintiff violated several company policies and procedures by leaving his post unattended,

addressing personnel and supervisors in an unprofessional and disrespectful manner, failing to comply with company grooming and hygiene policies, as well as other attendance and performance issues. As a result of these continued violations, Defendant decided to terminate Plaintiff's employment on or about April 9, 2007. Defendant denies Plaintiff's allegations of discrimination, harassment and retaliation. Prior to the decision to terminate Plaintiff's employment on April 9, 2007, Plaintiff never complained of any alleged unlawful activity by Defendant or any of its agents or representatives. Defendant Vance lawfully terminated Plaintiff's employment based on legitimate, non-discriminatory and non-retaliatory reasons. Defendant's actions were at all times justified and lawful. Defendant denies any liability to Plaintiff and disputes Plaintiff's claims for damages.

3. Principal Legal Issues in Dispute:

Plaintiff's summary:

1. Whether the grounds enumerated in the FEHA exist in Plaintiff's factual presentation.

2. Whether Defendant was legally entitled to terminate Plaintiff's employment.

3. Plaintiff's damages.

Defendant's summary:

1. Whether Plaintiff has exhausted his administrative remedies as required by the California Fair Employment and Housing Act;

2. Whether Plaintiff can establish a prima facie case of race, age or religious discrimination under the California Fair Employment and Housing Act;

3. Whether Plaintiff can establish a prima facie case of sexual harassment under the California Fair Employment and Housing Act;

4. Whether Plaintiff can show he engaged in a protected activity prior to Defendant's decision to terminate his employment;

5. Whether Plaintiff can prove that Defendant's reasons for terminating his employment were pretext for discrimination or retaliation;

6. Whether Plaintiff suffered any damages as a result of Defendant's alleged

actions;

7. Whether Plaintiff has mitigated his damages, if any;

8. Whether Defendant acted with fraud, malice or oppression, so as to permit an award of punitive damages;

4. <u>Motions</u>:

- Plaintiff does not currently plan on filing any motions.

- Defendant plans to file a motion for summary judgment, or partial summary judgment.

5. <u>Amendment of Pleadings</u>:

The parties do not plan to amend the pleadings.

6. <u>Evidence Preservation</u>:

- Plaintiff does not currently possess any relevant documentary evidence other than that already in Defendant's possession, custody or control.

- Defendant - As a result of Plaintiff's complaint, the Company took immediate steps to identify, preserve and collect all relevant documents and information dated March 1, 2006 to the present. The Company will continue to do so until the matter is completely resolved. Defendant has directed all persons under its control who may possess electronic or physical evidence to preserve and collect same. This includes the Company immediately suspending any document-destruction policies or planned erasures of electronic media as to information that is or may be relevant to issues in this matter.

7. <u>Disclosures</u>:

To allow the parties sufficient time to complete their respective searches for electronic documents, Initial Disclosures will be simultaneously exchanged by mail on February 29, 2008.

8. <u>Rule 26(f) Proposed Discovery Plan and Stipulated Discovery Limits</u>:

a. On February 7, 2008, the parties met and conferred and agreed to exchange Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before February 29, 2008. The parties do not think that changes should be made in the form or requirement for disclosures under Fed. R. Civ. P. 26(a).

4

    b. The parties anticipate discovery will be conducted to address all of the issues raised in Plaintiff's complaint and Defendant's defenses asserted in response to the allegations in Plaintiff's complaint.

    c. The parties are unaware of any issues regarding electronic discovery at this time.

    d. The parties are unaware of any issues regarding privilege at this time. The parties are in the process of determining whether it is necessary to submit a stipulated protective order for the Court's approval.

    e. The parties propose the following discovery limitations and changes:

    - Non-expert depositions per side: Seven

    - Defendant requests more than seven hours allotted pursuant to Fed. R. Civ. P. 30(d)(2) to depose Plaintiff George Harris in light of the number of issues raised by the six claims for relief alleged in Plaintiff's complaint. Defendant requests 10 hours for Plaintiff's deposition.

    - Interrogatories per side: As provided by Fed. R. Civ. P. 33.

    - Document demands per side: As provided by Fed. R. Civ. P. 34.

    - Requests for admission per side: As provided by Fed. R. Civ. P. 36.

9. <u>Class Actions</u>:

Not applicable to this case.

10. <u>Related Cases</u>:

The parties are not aware of any related cases.

11. <u>Relief</u>:

<u>Plaintiff's summary</u>: Plaintiff's remedies are set forth in the FEHA, and consist of lost wages and other employment benefits; general damages; punitive damages; and attorney's fees.

<u>Defendant's summary</u>:

Defendant contends that its actions were at all times justified and lawful. Defendant denies it has acted wrongly or unlawfully in any way and further denies any and all claims for damages.

12. <u>Settlement and ADR</u>:

No formal ADR efforts to date. The parties have discussed the possibility of settlement. The parties determined, however, that meaningful settlement discussions will require the parties to proceed to an ADR process. The parties have met and conferred on potential ADR, and have agreed to Early Neutral Evaluation. Pursuant to Civil L.R. 16-8 and ADR L.R. 3-5, the Parties filed their stipulation regarding the ADR process on February 7, 2008.

For Defendant, if Early Neutral Evaluation does not resolve this matter, Defendant will proceed with Plaintiff's deposition and witness depositions before revisiting the issue of settlement.

13. <u>Consent to Magistrate Judge For All Purposes</u>:

The parties do not consent to a magistrate judge for all purposes.

14. <u>Other References</u>:

The case is not suitable for non-binding arbitration, a special master or the Judicial Panel on Multidistrict Litigation.

15. <u>Narrowing of Issues</u>:

The parties are not aware of any issues that can be narrowed at this time.

16. <u>Expedited Schedule</u>:

This case is not suitable for expedited procedures.

17. <u>Scheduling</u>:

<u>Plaintiff's summary</u>:

Plaintiff concurs with Defendant's time estimates and schedule.

<u>Defendant's summary</u>:

Defendant proposes an April or May 2009 trial date. To allow the parties sufficient time for discovery, ADR and dispositive motions, Defendant proposes the following schedule:

    a.    Non- expert discovery cut off:    November 18, 2008

    b.    Dispositive motion filing deadline:    December 18, 2008

    c.    Dispositive motion hearing cut off:    January 22, 2009

    d.    Fed. R. Civ. P. 26(a)(2) expert disclosures:    January 6, 2009

|   |   |   |   |   |
|---|---|---|---|---|
| 1 |   | e. | Fed. R. Civ. P. 26(a)(2) rebuttal disclosures | February 6, 2009 |
| 2 |   | f. | Expert discovery cut off: | February 27, 2009 |
| 3 |   | g. | Pretrial Conference: | Per the Court |
| 4 |   | h. | Trial: | April or May 2009 |

5  18. <u>Trial</u>:

6   - Plaintiff has demanded a jury trial and estimates five (5) days for trial.

7   - Defendant estimates five to seven (5-7) days for trial.

8  19. <u>Disclosure of Non-party Interested Entities or Persons</u>:

9   - Plaintiff has none to disclose.

10  - On December 4, 2007, Defendant filed its "Certification of Interested Entities or Persons" as required by Civil Local Rule 3-16. As required by the Northern District of California's Standing Order, Defendant VANCE UNIFORMED PROTECTION SERVICES, INC. hereby submits that the following listed persons, associations of persons, firms, partnerships, corporations, or other entities, (i) have a financial interest in the subject matter in controversy, or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of the proceeding:

17  - (a) Vance International, Inc. and

18  - (b) Garda World Security Corporation, a Canadian company headquartered in Montreal, Quebec.

20  20. <u>Other Matters that May Facilitate the Just, Speedy and Inexpensive Disposition of this Matter</u>:

22  The parties are unaware of any additional matters at this time.

23  / / /
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

1  Respectfully submitted,

2  Dated: February 21, 2008					JACKSON LEWIS LLP

3

4							By:	_/s/ Janine R. Hudson_____
							Robert M. Pattison
5							Janine R. Hudson
							Attorneys for Defendant
6							VANCE UNIFORMED PROTECTION
							SERVICES, INC.
7

8  Dated: February 21, 2008					Attorney at Law

9

10							By:	_____
							Albert L. Boasberg
11							Attorney for Plaintiff
							GEORGE HARRIS
12

13

14			[THIS SPACE INTENTIONALLY LEFT BLANK]

02/21/2008 09:17 IFAX ecopy@jacksonlewis.com → Reception 002/002
02/21/2008 10:12 4159895951 ALBERT BOASBERG PAGE 02
Case 3:07-cv-05991-WHA   Document 10   Filed 02/21/2008   Page 9 of 10

| | |
|---|---|
| 1 | Respectfully submitted, |
| 2 | Dated: February 21, 2008 ~~February 20, 2008~~   JACKSON LEWIS LLP |

By: _____
Robert M. Pattison
Janine R. Hudson
Attorneys for Defendant
VANCE UNIFORMED PROTECTION SERVICES, INC.

Dated: February 21, 2008 ~~February 20, 2008~~   Attorney at Law

By: *[signature]* _____
Albert L. Boasberg
Attorney for Plaintiff
GEORGE HARRIS

1  **CASE MANAGEMENT ORDER**

2  The Case Management Statement and [Proposed] Order are hereby adopted by the Court

3  as the Case Management Order for the case and the parties are ordered to comply with this Order.

4  In addition the Court orders:

10  Dated: _____

   THE HONORABLE WILLIAM H. ALSUP
11 UNITED STATES DISTRICT COURT JUDGE